THE STATE OF UTAH, Respondent, v. D. H. DAVIS and THOMAS ROSE, Appellants.

No. 1520.    (75 Pac. 857.)

1.  Bail Bond: Statutes: Construction: Action.
    Under the express provisions of Sess. Laws 1901, p. 70, c. 69, the district court has authority to direct the district at-torney to institute an action on a forfeited bail bond.

2.  Same: Complaint: Sufficiency.
    Revised Statutes 1898, section 4686, requires that a bail bond must be returned to the clerk of the court at which the defendant is required to appear, but does not require it to be filed.  *Held*, that a complaint in an action on a bail bond was not insufficient because it failed to allege the filing of the bond.

4. **Same.**
Where, in an action on a bail bond, the bond, which· was made a part of the complaint, recited that "defendant having been admitted to bail," etc., and it was alleged that, immediately after execution of the bond, defendant left the State, the complaint, as against a general demurrer, sufficiently alleged that the defendant was released on the bond.

3. **Same: Bail: Defined.**
"Bail" is substantially defined as meaning "to set at liberty a person arrested or imprisoned, on security being taken for his appearance," etc.

5. **Same: Abortion: Statutory Crime.**
Penal Code, chapter 27, contained in Revised Statutes 1898, which was adopted by Session Laws 1899, chapter 7, section 1, is entitled "Abortion," and imposes a punishment on any one who causes the miscarriage of a pregnant woman, unless necessary to preserve life. *Held,* that a contention in an action on a bail bond given by one charged with abortion that no such crime was known to the law of. the State was without merit.

(Decided March 10, 1904.)

Appeal from the First District Court, Cache County,—
*Hon. C. H. Hart,* Judge.

Action upon a bail bond. From a judgment in favor of the plaintiff, the defendants appealed.

AFFIRMED.

*James C. Walters, Esq.,* for appellants.

*Hon. M. A. Breeden,* Attorney-General, *Hon. W. R. White,* Deputy Attorney-General, and *Frank K. Nebeker, Esq.,* District Attorney, for the State.

BASKIN, C. J.—This is an action upon a bail bond executed by the defendants. A general demurrer having been interposed to the complaint and overruled, judgment was rendered against the defendants.

27 Utah 24

The first objection to the complaint is that the order of the district court directing the district attorney to institute said action was beyond the power of the court, and is therefore void. Such authority is expressly conferred by section 1 of the act relating to district attorneys, approved March 14, 1901. (Sess. Laws 1901, p. 70, c. 69.)

The second objection is that it is not alleged that the bail bond was ever filed in the district court. The appellants contend that such filing of the bond is required under the provisions of section 4686, Rev. St. 1898. That section requires that all undertakings of bail must be returned to the clerk of the court at which the defendant is required to appear, but does not require that they must be filed. As the only requirement of the statute is that the undertaking of bail must be returned to the clerk of the court, an allegation that it was filed would perhaps sufficiently allege its return, yet that allegation is not absolutely necessay in the statement of the cause of action.

The third objection is that there is no allegation that the defendant was released from custody upon the execution of the bond. It is alleged that "the defendant, immediately after the execution of the bond, left the State for parts unknown, as a fugitive from justice." The following recital occurs in the bond, which was, as an exhibit, attached to and made a part of the complaint, viz: The defendant "having been admitted to bail in the sum of $500.00: Now, therefore," etc. "Bail," is defined in Black's Law Dictionary, as follows: "To set at liberty a person arrested or imprisoned, on security being taken for his appearance," etc. The definition of the term by other authors is substantially the same.

The recital "having been admitted to bail," in connection with the allegation that immediately after the execution of the bail bond the defendant left the State, while not as explicit and direct an allegation that the defendant was released upon the bond as is

desirable in pleading, is sufficient, as against a general demurrer.

The fourth and last objection is that the bond recites that the crime with which the defendant was charged is abortion, and that no such crime is known to the laws of this State. In support of this contention, the following statement is made in appellants' brief, to-wit: "It is true that the title of chapter 27 of the Penal Code is 'Abortion,' but the word does not occur in the text of either of the two subsequent sections, and it is unnecessary to add that the title 'Abortion' is no part of the section. That word, it is evident, was inserted by the code commissioners in the compilation, and is their language alone, and not that of the lawmaking body which passed the section." The Penal Code referred to is contained in the Revised Statutes of 1898, which, as prepared, compiled, and printed by the Code commissioners, was approved, legalized, and adopted by chapter 7, section 1, of the Session Laws of 1899. Chapter 27, referred to, appears in said statutes in the following form:

"Chapter 27.    Abortion."

"4226.    Administering Drugs, etc.—Using Instruments.    Every person who provides, supplies or administers to any pregnant woman, or procures any such woman to take any medicine, drug or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable by imprisonment in the State prison not less than two nor more than ten years.

"4227    Woman Producing Miscarriage on Self—Penalty.    Every woman who solicits of any person any medicine, drug, or substance whatever, and takes the same, or who submits to an operation, or to the use of any means whatever, with intent thereby to procure a miscarriage, unless the same is necessary to preserve

her life, is punishable by imprisonment in the State prison not less than one nor more than five years."·

The foregoing constitutes the whole chapter. This chapter makes abortion a definite crime, and when a miscarriage is attempted or caused in the manner mentioned in said sections, except when necessary to preserve life, the definite crime of abortion, under this statute, is committed. This being so, the contention that no such crime as abortion is known to the laws of this State is without foundation.

The judgment is affirmed with costs.

BARTCH and McCARTY, JJ., concur.